IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NELSON SCOTT,

    Plaintiff,

vs.

JOSE VASQUEZ, Warden; Dr. CHIPPI;
HARLEY LAPPIN, Director; FEDERAL
BUREAU OF PRISONS; FCI JESUP,
GEORGIA; P.A. TARUTUS; P.A.
ADDIRA, and JOHN DOE SERA,
Regional Director,

    Defendants.

CIVIL ACTION NO.: CV208-145

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Low Security Correctional Institution in Butner, South Carolina, filed a cause of action pursuant to 28 U.S.C. § 1331, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, contesting certain conditions of his confinement while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts he was denied minimally adequate medical treatment and that medical personnel were deliberately indifferent to his serious medical needs while he was housed at FCI Jesup. Plaintiff names as Defendants Jose Vasquez, the former Warden at FCI Jesup; Harley Lappin, the Director of the Bureau of Prisons; and John Sera, the Regional Director of the Bureau of Prisons. "It is well established in this circuit that supervisory officials are not liable under Bivens for unconstitutional acts of their

subordinates on the basis of respondeat superior or vicarious liability." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). However, supervisors "can be liable . . . when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of plaintiff[], and his conduct was causally related to the constitutional violation committed by [the] subordinate.'" Id. (quoting Greason v. Kemp, 897 F.2d 829, 836 (11th Cir. 1990)). "A causal connection may be established when: 1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." Matthews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal citation omitted). Plaintiff has failed to make this showing against Defendants Vasquez, Lappin, and Sera, and his claims against them should be dismissed.

Plaintiff also names as Defendants the Bureau of Prisons and FCI Jesup. The proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. FDIC v. Meyer, 510 U.S. 471, 485-86 (1994). To the extent the Bureau of Prisons and FCI Jesup are the employers of Defendants Chippi, Tarutus, and Addira in their individual capacities, Plaintiff's claims against the Bureau of Prisons and FCI Jesup cannot be sustained.

Plaintiff filed his cause of action against Defendants in their individual and official capacities. A lawsuit against prison officials in their official capacities is no different

from a suit against the government itself; such defendants are immune. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). To the extent Plaintiff wishes to pursue his monetary damages claims against Defendants Chippi, Tarutus, and Addira in their official capacities, these claims should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Vasquez, Lappin, Sera, the Bureau of Prisons, and FCI Jesup be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's claims for monetary damages against Defendants Chippi, Tarutus, and Addira in their official capacities be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of March, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE