# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| NELSON SCOTT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 208-145 |
| | * | |
| JOSE VASQUEZ, Warden; Dr. | * | |
| CHIPPI; HARLEY LAPPIN, | * | |
| Director; FEDERAL BUREAU OF | * | |
| PRISONS; FCI JESUP, GEORGIA; | * | |
| P.A. TARUTUS; P.A. ADDIRA; and | * | |
| JOHN DOE SERA, Regional | * | |
| Director, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

## ORDER

Plaintiff Nelson Scott, currently incarcerated at the Low Security Correctional Institution in Butner, North Carolina, filed suit pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., for civil rights violations and injuries he allegedly sustained while incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). (Dkt. No. 1.) Plaintiff asserts that, while mopping a dorm unit floor at FCI Jesup,

he fell and badly injured his finger.  Plaintiff claims
that he was denied minimally adequate treatment for his
injury, and that the medical personnel at FCI Jesup were
deliberately indifferent to his serious medical needs.  In
addition to various prison medical personnel, Plaintiff
named as Defendants Jose Vasquez, former warden at FCI
Jesup; Harley Lappin, Director of the Bureau of Prisons;
and John Sera, Regional Director of the Bureau of Prisons.

On March 19, 2009, Magistrate Judge James E. Graham
issued a Report and Recommendation advising that
Plaintiff's claims against Defendants Vasquez, Lappin, and
Sera be dismissed.  (Dkt. No. 8.) The Magistrate Judge
found that Plaintiff failed to allege a causal connection
between these supervisors' actions and Plaintiff's alleged
constitutional deprivations.  Plaintiff filed an Objection.
(Dkt. No. 25.)  After an independent and *de novo* review of
the entire record, the Court **SUSTAINS** Plaintiff's
Objection.

Supervisory officials cannot be held liable under
section 1983 on the basis of respondeat superior or
vicarious liability.  Cottone v. Jenne, 326 F.3d 1352, 1360
(11th Cir. 2003).  Supervisors can, however, be held

liable for their subordinates' constitutional violations on the basis of supervisory liability. Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007). Supervisory liability occurs when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). An inmate can establish the necessary causal connection by alleging that "a history of widespread abuse put[] the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fail[ed] to do so." Mathews, 480 F.3d at 1270. "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671.

In his Objection, Plaintiff alleges that numerous inmate complaints about medical personnel's disregard for the inmates' medical needs at FCI Jesup "had been filed by way of the Administrative Remedy process – all of which were swept 'under the rug.'" (Dkt. No. 25.) Plaintiff

further alleges that the Administrative Review process, which includes procedures for formal requests for administrative action from the warden and appeals to the Bureau of Prisons, put Defendants Vazquez, Lappin, and Sera on notice of their subordinates' alleged constitutional deprivations. (Id.)

Taking these allegations as true,[1] as is appropriate at this stage of the proceedings, the numerous formal complaints about the prison medical staff's denial of adequate medical care to inmates were enough to put Defendants Vazquez, Lappin, and Sera on notice of misconduct that was sufficiently "obvious, flagrant, rampant and of continued duration" to require them to act. Brown, 906 F.2d at 671. Because these Defendants allegedly failed to correct the reported misconduct, Plaintiff has established the necessary causal connection to hold Defendants Vasquez, Lappin, and Sera liable in their supervisory capacities. See Mathews, 480 F.3d at 1270; see also Danley v. Allen, 540 F.3d 1298, 1315 (11th Cir. 2008) (allegations that prison officials had knowledge through

---

[1] The Federal Rules of Civil Procedure permit the Court to consider arguments and allegations not previously submitted to the Magistrate Judge. Fed. R. Civ. P. 72.

inmate complaints of jailers' regular and excessive use of pepper spray for no legitimate reason, and that prison officials failed to correct such misconduct, were sufficient to establish causal connection).

Plaintiff's Objection to the Magistrate Judge's Report and Recommendation dismissing Plaintiff's claims against Defendants Vasquez, Lappin, and Sera is therefore **SUSTAINED.** The Court does not adopt the Magistrate Judge's Recommendation that Plaintiff's claims against Defendants Vasquez, Lappin and Sera be dismissed. The Court **ADOPTS** the Magistrate Judge's Recommendation that Plaintiff's claims against the Bureau of Prisons and FCI Jesup be dismissed. The Court also **ADOPTS** the Magistrate Judge's Recommendation that Plaintiff's claims against Defendants Chippi, Taratus, and Addira in their official capacities be dismissed.

**SO ORDERED,** this ___30th___ day of November, 2009.

_____
HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA