# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

NELSON SCOTT,

    Plaintiff,

vs.

JOSE VASQUEZ, Warden; Dr. MARTHA
R. CHIPI; HARLEY LAPPIN, Director;
MIGUEL TERRADAS; FRANK E. ADAIR;
JOHN DOE SERA, Regional Director;
and THE UNITED STATES
OF AMERICA,

    Defendants.

CIVIL ACTION NO.: CV208-145

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff asserts that his claim under the Federal Tort Claims Act ("FTCA") should not be dismissed as untimely, and that his claims against Defendant Adair should remain pending.

**I.    Plaintiff's FTCA Claim**

Plaintiff asserts that his FTCA claim should be allowed to proceed because the statute of limitations on his claim should be equitably tolled. "Equitable tolling is appropriate only in 'extraordinary circumstances.'" Robinson v. United States, 327 F. App'x 816, 819 (11th Cir. 2007) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). "Equitable tolling is appropriate when a movant untimely files

because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik, 177 F.3d at 1271. Equitable tolling cannot extend to "garden variety claim[s] of excusable neglect." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).

Plaintiff filed his first suit based on the facts alleged in the instant claim in September of 2006. Plaintiff failed to pay the requisite filing fee, and his suit was dismissed on January 11, 2007. Plaintiff wonders in his objection if instead of failing to pay the fee, "the fee had yet to be received"? (Doc. No. 48, p. 3). However, later in his objection, Plaintiff admits that he never sent the fee. (Id. at p. 4) ("Plaintiff, at all times during the litigation of CV206-203, was willing to pay the fees but did not know the proper Institutional procedure, (or for that matter, proper Court procedure), in which to send the funds."). Plaintiff's first suit was dismissed on January 12, 2006. (CV206-203, S.D. Ga. Doc. No. 8). Plaintiff notes that he filed an identical claim seven months later, but offers no explanation for this delay in refilling his claim. (Doc. No. 48, p. 5). Moreover, in his second claim, Plaintiff once again failed to pay his filing fee, resulting in that claim's dismissal. (CV207-95, S.D. Ga. Doc. No. 8).

Plaintiff's failure to pay his filing fees and his delay in filing subsequent claims does not constitute "extraordinary circumstances" that were beyond Plaintiff's control. Even if Plaintiff was confused by the payment procedure during his first filing, he offers no explanation as to why he waited nearly seven months after his first claim was dismissed to file his second claim. Plaintiff's actions indicate neglect rather than circumstances that were both beyond his control and unavoidable. Plaintiff's objections with respect to his FTCA claim are **OVERRULLED**.

II. **Dismissal of Defendant Adair**

Plaintiff asserts that Frank Adair should not be dismissed as a defendant in this case. Plaintiff asserts that, [a]ny health care provider who screened, examined, and/or treated Plaintiff during the time of his hand injury . . . was affirmatively linked to the injury and its care, or lack thereof." (Doc. No. 48, p. 8). However, P.A. Adair's uncontroverted testimony is that, while he noted Plaintiff's finger had a "tendon sheath rupture," Plaintiff made no complaint about his finger and told P.A. Adair that other than his hemorrhoidal flare up, he "was otherwise doing well." (Doc. No. 21-1, p.54). Plaintiff has not alleged any facts indicating that P.A. Adair's conduct constituted a constitutional violation. Defendant's objection to the dismissal of P.A. Adair is **OVERRULLED**.

Petitioner's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Defendants' Motion is **GRANTED** in part and **DENIED** in part. Plaintiff's FTCA claim is **DISMISSED** as it was not timely filed. Plaintiff's claims against Frank E. Adair are **DISMISSED** for failure to state a claim. Plaintiff's Eighth Amendment claims against Dr. Chipi and PA Tarradus remain pending.

SO ORDERED, this ___ day of _____, 2010.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE