FILED
U.S. DISTRICT COURT
DIV.

2011 MAR 25 AM 11:31

CLERK R. Ayr
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NELSON SCOTT,

    Plaintiff,

vs.                                CIVIL ACTION NO.: CV208-145

JOSE VASQUEZ, Warden; Dr. MARTHA
R. CHIPI; HARLEY LAPPIN, Director;
MIGUEL TERRADAS; RAY HOLT,
Regional Director; and THE UNITED
STATES OF AMERICA,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Nelson Scott ("Plaintiff"), currently incarcerated at the Low Security Correctional Institution in Butner, North Carolina, filed an action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 402 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, for civil rights violations and injuries he allegedly sustained while incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Defendants filed a Motion to Dismiss. (Doc. No. 84). Plaintiff filed a Response, and Defendants filed a Reply. (Doc. Nos. 85, 86). For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that on March 15, 2005, he reported to "sick call" to have his right ring finger treated for an injury he sustained on March 8, 2005[1], while mopping the unit floor in Building B at FCI Jesup. (Doc. No. 1, pp. 5, 7). Plaintiff states that he was seen by Defendant Terradas, a physician's assistant, who, "[w]ithout an x-ray, without any other diagnostic aids, without competent examination and without engaging in any form of differential diagnosis" stated, "'There is nothing that can be done. It's just a sprained finger.'" (Doc. No. 1, p. 7). Plaintiff asserts that he visited Defendant Terradas again two days later and was told to give his injury time and it would heal. (Id.). Plaintiff claims he visited Defendant Terradas a third time on March 25, 2005, and was given a rubber ball and told to squeeze it frequently throughout the day. (Id.). Plaintiff claims he also saw Defendant Adair[2], a physician's assistant, on March 25, 2005, who advised Plaintiff that his tendon was gone and could no longer be fixed, and that Plaintiff would have needed surgery shortly after his injury to preserve the tendon. (Id. at p. 8). Plaintiff claims that he approached Defendant Chipi, M.D., in May of 2005, during lunch in the prison cafeteria. According to Plaintiff, Dr. Chipi told Plaintiff that if he gave his injury time, it would heal itself. (Id.).

On July 1, 2005, the Bureau of Prisons received Scott's Request for Administrative Remedy No. 381200 at FCI Jesup in which he requested to be seen by an orthopedic surgeon for an injury he claimed to have suffered in March. On July 21, 2005, Warden Jose Vasquez denied Plaintiff's Administrative Remedy No. 381200,

---

[1] Though in his Complaint, Plaintiff states his injury occurred on March, 8, 2006, in his Response to Movants' Motion he asserts he was injured "on or about March 8, 2005." (Doc. No. 28, p. 2). Medical records indicate that the actual date of Plaintiff's injury was in 2005 instead of 2006. (Doc. No. 21-2).

[2] Defendant Adair was dismissed as a party to this suit on March 29, 2010. (Doc. No. 49).

stating that he had reviewed Plaintiff's BOP medical records since he arrived at FCI Jesup in November 2001. Warden Vasquez concluded that Plaintiff had been accessing and receiving adequate medical care while at FCI Jesup. He further noted that Plaintiff had not been immediately examined and assessed for the finger injury when it occurred but that x-rays taken on March 25, 2005, showed no fractures of the finger.

On September 13, 2005, Plaintiff appealed Warden Jose Vasquez' denial to the Regional Director's Office. On September 30, 2005, the Regional Director denied Plaintiff's appeal and request for specialist consultation and surgery to correct his finger injury. On February 23, 2006, Plaintiff appealed the Regional Counsel's September 30, 2005, denial. On May 2, 2006, BOP's Administrator of National Inmate Appeals issued a final declination letter addressing Plaintiff's specific allegations concerning his injured finger.

Defendants assert Plaintiff's Bivens action was filed outside the statute of limitations period, and that his complaint fails to sufficiently plead a constitutional violation by Defendants Vasquez, Holt, or Lappin under a supervisory liability theory. Plaintiff argues that the Georgia Renewal Statute saves his Eighth Amendment cause of action from being barred by the statute of limitations, and he has established the necessary causal connection to hold Vasquez, Holt, and Lappin liable.

## STANDARD OF DETERMINATION

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "[f]actual allegations [are] enough to raise the right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Id. at 406. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer and will be construed liberally. Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 861 (11th Cir. 2008) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). A plaintiff generally is safeguarded by a presumption that the allegations in his complaint are true when a defendant files a Rule 12(b)(6) motion to dismiss. Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1237 (11th Cir. 2002). "To dismiss a prisoner's complaint as time-barred . . . it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar." McKenzie v. United States Department of Justice, Drug Enforcement Agency, 143 Fed. App'x. 165, 168 (11th Cir. 2005) (citing Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir.2003)) (internal quotations omitted).

## DISCUSSION AND CITATION TO AUTHORITY

Under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), a person may sue a federal agent for money damages when the federal agent has allegedly violated that person's constitutional rights. Claims for purposes of calculating damages for civil rights violations are best characterized as personal injury actions for limitations periods. Wilson v. Garcia, 471 U.S. 261, 275 (1985). Because courts have characterized Bivens actions as analogous to 42 U.S.C. § 1983 actions, they generally look to the forum state's personal injury statute of limitations to determine the appropriate limitations period. "The effect of Bivens was to create a remedy against federal officers, acting under color of federal law, that was analogous to § 1983 actions against state officials. Thus, courts generally apply § 1983 law to Bivens cases." Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996).

The failure to comply with a statute of limitations may be raised by motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) when failure to comply with the statute of limitations is plain on the face of the complaint. AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir.1982). The Official Code of Georgia provides:

> Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.

O.C.G.A. § 9-3-33. Thus, the applicable statute of limitations for Bivens causes of action in Georgia is two years from the date the cause of action accrues. Kelly, 87 F.3d at 1238; Rozar v. Mullis, 85 F.3d 556 (11th Cir. 1996) (Statute of limitations period begins to run when the cause of action accrues and is a question of federal law).

The Georgia renewal statute provides:

(a) When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

(b) This Code section shall not apply to contracts for the sale of goods covered by Article 2 of Title 11.

(c) The provisions of subsection (a) of this Code section granting a privilege of renewal shall apply if an action is discontinued or dismissed without prejudice for lack of subject matter jurisdiction in either a court of this state or a federal court in this state.

O.C.G.A. § 9-2-61. The Georgia renewal statute tolls the running of the statute of limitations and the renewal statute applies to both involuntary as well as voluntary dismissals of actions where the merits are not adjudicated. See Hornsby v. Hancock, 165 Ga. App. 543 (1983); Bowman v. Ware, 133 Ga. App. 799 (1975). The Georgia renewal statute is strictly construed, and a complaint which is refiled six months and one day after dismissal of an original complaint is untimely. See O.C.G.A. § 9-2-61; see also Hanna v. Savannah Service, Inc., 179 Ga.App. 525 (1986). The Georgia Supreme Court has interpreted the renewal statute to mean that a plaintiff may voluntarily dismiss an action and recommence it within six months only "if the original complaint was filed within the applicable statute of limitations." Robinson v. Boyd, 288 Ga. 53, (2010).

The date of accrual in this case is not easily identified. Plaintiff makes no allegation in his complaint concerning when his cause of action for deliberate indifference first arose. (Doc. No. 1). In personal injury cases, the date of actual injury

is ordinarily the date of accrual. Plaintiff alleges in a May 28, 2005, COP-OUT request that he was injured on March 8, 2005. (Id.). He later claims that he was injured on March 15, 2005. (Id.). But the date Plaintiff injured his finger is not the proper date of accrual.[3] Instead, it is the date his claim of deliberate indifference first accrued.

Plaintiff first approached a medical provider standing outside of the inmate dining hall on March 24, 2005, and showed the provider his finger. The medical provider instructed Plaintiff to have his finger x-rayed and to follow-up with his provider. One day later on March 25, 2005, x-rays of the finger were taken which revealed no fractures. On April 26, 2005, Plaintiff reported to sick-call with complaints unrelated to his finger injury. While examining Plaintiff, P.A. Frank Adair requested an orthopedic specialist consultation. On May 4, 2005, an orthopedic specialist examined Plaintiff and recommended that the Utilization Review Committee ("URC") consider surgical repair of his injured finger. On May 28, 2005, Plaintiff filed a COPOUT requesting to see another specialist. Plaintiff presented his claim to the Federal Bureau of Prisons ("BOP") on or about February 21, 2006. The BOP's Central Office's declination letter was issued on May 2, 2006, which Plaintiff asserts this Court should find as the date of accrual for his cause of action.

Plaintiff filed a civil action based on the same injury, facts, and circumstances that are the basis for the instant claim on September 20, 2006. (CV206-203, S.D. Ga.). On January 11, 2007, that case was dismissed without prejudice because of Plaintiff's failure to pay the requisite filing fee. (Id. at Doc. No. 8). Plaintiff filed another complaint on August 8, 2007, which again was based on the same injury, facts, and

---

[3] In an earlier Report, this Court listed March 8, 2005, as the date of accrual. (Doc. No. 44, p. 6). The Court no longer finds that to be the correct date of accrual. However, the change does not affect the outcome of this Motion or the earlier one.

circumstances as the instant claim. (CV207-95, S.D. Ga.). That claim was also dismissed without prejudice for Plaintiff's failure to pay the filing fee. (Id. at Doc. No. 8). Plaintiff filed the instant suit on October 27, 2008.

This Court finds that the date of accrual for Plaintiff's claim was May 2, 2006, the date the BOP's Central Office declination letter was issued. This Court has previously considered an equitable tolling issue in this case in the context of Plaintiff's FTCA claims being untimely filed. (Doc. No. 50). This Court previously held that Plaintiff's failure to pay his filing fees and the subsequent delay in filing this very complaint did not warrant extraordinary circumstances that were beyond his control. Plaintiff offered no explanation as to why he waited seven months after his first case was dismissed before filing his second case. Scott can offer no reasonable explanation why he waited over thirteen months before filing this third action.

The Georgia renewal statute does not save Plaintiff from his untimeliness. Plaintiff's second complaint was dismissed without prejudice on September 7, 2007. Under the Georgia renewal statute, Plaintiff would have been permitted to file a new claim six months after September 7, 2007, if that date had fallen outside of the 2-year statute of limitations. See Rakestraw v. Berenson, 153 Ga.App. at 513. Six months from September 7, 2007, was March 7, 2008. However, the renewal statute does not save Plaintiff's complaint because March 7, 2008, was still within the original two-year statute of limitations which expired on May 2, 2008. Plaintiff's third complaint was filed on October 27, 2008, and it is beyond the two-year statute of limitations under O.C.G.A. § 9-3-33. The record shows that Plaintiff did not have an action pending on May 2, 2008, so the statute of limitations expired and the Georgia renewal statute was not

available to him. Plaintiff cites no authority which supports his position that he was allowed to file this cause of action six months and twenty-five days after the statute of limitations expired on May 2, 2008.

It is unnecessary to address the merit of Plaintiff's claims against Defendants Vasquez, Holt, and Lappin.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. Plaintiff's claim should be **DISMISSED** with prejudice.

**SO REPORTED** and **RECOMMENDED**, this 25th day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE